## 11543.  ROBERSON *v.* WEAVER.

SMITH, J.  1. When this case was before the Supreme Court (*Roberson* v. *Weaver,* 145 *Ga.* 626, 92 S. E. 49), all the questions of law involved were fully discussed and determined, and upon a further trial of the case nothing was left except two questions of fact:  (1) Was there a breach of the lease contract in its entirety by the plaintiff?  (2) If there was such a breach, what damage, if any, was suffered by the defendant by reason of the breach?

2. It was error for the court to charge as follows:  "If you find that the landlord breached his covenants by failure to make the additions and improvements by January 1, 1908, and such failure affected the value of the lease as an entirety, the damages would be measured by the difference between the value of the lease, considered as an entirety, had the landlord complied with his contract, and the amount which the defendant contracted to pay."  It was a question of fact for the jury to determine whether the failure on the part of the landlord to make the additions and improvements by January 1, 1908, was a breach of the contract in its entirety, and the excerpt from the charge, quoted above, took the decision of this question away from the jury; it also contains an expression of opinion that the landlord's failure to make such additions and improvements by January 1, 1908, constituted a breach of the contract.

3. The following excerpt from the charge of the court was error:  "[If,] after considering this case, you believe there was a breach on the part of the plaintiff of his contract, the form of your verdict would be, 'We, the jury, find for the defendant.'"  This was error for the following reasons:  If under the evidence the jury believed that the landlord (the plaintiff) had breached his contract in its entirety, it would be a question of fact for the jury to determine as to what damages, if any, were suffered by the defendant.  If the jury believed that there was no breach of the contract, the plaintiff would be entitled to a ver-

dict for the premises and double rent from the date of the demand up to the time of the· trial, provided that the defendant was still in possession of the premises. If, on the other hand, the jury believed that the landlord had breached his contract in its entirety and the defendant had been damaged by such breach, but the damages suffered were not as much as the rent claimed, the jury would be authorized still to find the difference in favor of the plaintiff. If, however, the jury believed that the landlord breached his contract in its entirety and the damages suffered by the tenant were equal to the claim for rental by the landlord, then the verdict would be for the defendant; but if the jury believed that the landlord had breached his contract in its entirety and that by reason of such breach the defendant had suffered damage in a larger amount than the rental claimed by the landlord, the jury would be authorized to find in favor of the plaintiff the excess of such demand for damages and the amount of rental due the landlord.

3. The above rulings are controlling, and the other assignments of error are either without substantial merit in view of the rulings made by the Supreme Court when this case was before it, or are such as are not likely to recur on another trial.

         *Judgment reversed. Jenkins, P. J., and Stephens; J., concur.*

         DECIDED NOVEMBER 2, 1920.

Eviction; from Laurens superior court — Judge Kent. March 27, 1920.

*John S. Adams, Jones, Park & Johnston,* for plaintiff.

*G. H. Williams, Hines, Hardwick & Jordan,* for defendant.